UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          Case No.  2:16-cr-6
                                                           HON.  PAUL L. MALONEY

SPENCER TROY WARD,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

      Before the undersigned are two Government motions seeking preliminary orders of forfeiture for substitute assets.  The first motion concerns $6,987.96 located in a Direct Express Account owned by Defendant.  (ECF No. 366).  The second motion concerns three cashier's checks on file at Gogebic Range Bank that total approximately $5,110.98.  (ECF No. 379).  Defendant filed objections to the Government's motions, arguing that the untainted funds should be used to pay his outstanding attorney's fees.  For the reasons stated below, the undersigned recommends that the Court grant the Government's motions.[1]

      On April 14, 2017, Defendant Spencer Troy Ward pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute marijuana plants and marijuana.  Thereafter, the Court entered an order of forfeiture for a money judgment in the amount of $475,254.30 against Defendant.  (ECF No. 330).  The $475,254.30 represented the gross

---

[1] In addition to the two motions referred to the undersigned, the Government filed a third motion—a joint motion for final order of forfeiture between the Government and Petitioner Gogebic Range Bank.  (ECF No. 378).  This motion concerns the forfeiture of 14747 N. Paynesville Road.  There are no objections to this motion.  Therefore, the undersigned recommends that the Court grant the joint motion.

proceeds generated by Defendant's criminal activities. Because the Government—despite the exercise of due diligence—was only able to locate $10,694.36, the order of forfeiture permitted the Government to pursue the forfeiture of substitute assets against Defendant in an amount not to exceed $475,254.30. The order for forfeiture became final on November 29, 2017, when it became part of Defendant's sentence and was included in the judgment.

The Government now seeks the forfeiture of substitute assets to satisfy the money judgment. First, the Government has identified $6,897.96 located in a Direct Express Account owned by Defendant. Second, the Government has identified three cashier checks, totaling approximately $5,110.98, on file in Defendant's name at Gogebic Range Bank.

Federal Rule of Criminal Procedure 32.2(e)(1), provides, "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Here, the "applicable statute" is 21 U.S.C. § 853(p), which requires the Court to order forfeiture of any other property of the defendant if "as a result of any act or omission of the defendant" the property derived from the crime "cannot be located upon the exercise of due diligence." 21 U.S.C. § 853(p)(1)(A). The Court has already found that despite exercising due diligence, the Government has been unable to locate the $475,254.30 in gross proceeds that Defendant received as a result of his crime. Defendant does not challenge this finding.

Defendant argues that the money should not be forfeited as a substitute asset and, instead, should be used to pay the outstanding balance of his attorney's fees to Attorney Quinnell. Defendant cites *Luis v. United States*, 136 S.Ct. 1083 (2016), for the proposition that "untainted funds[] are eligible to be used to pay the Defendant's attorney fees." (ECF No. 371, PageID.1791; ECF No. 381, PageID.1882). However, the Court in *Luis* addressed whether the *pretrial* restraint

of a defendant's untainted assets violated the Fifth and Sixth Amendments. 136 S.Ct. at 1088 (emphasis added). In a plurality opinion, the Court held that such a pretrial restraint would violate a defendant's Sixth Amendment right to counsel of choice. *Id*. Unlike *Luis*, this case does not involve the pretrial restraint of any assets. Here, Defendant has already pled guilty and been sentenced by the Court. His sentence included an order for forfeiture of a money judgment. Although Defendant could have used his untainted assets to pay his defense attorney prior to his conviction, he apparently chose not to do so.[2] He cannot now attempt to escape the forfeiture of these substitute assets by paying off a debt to his attorney.

In addition, the undersigned notes that during a hearing on these motions, Attorney Quinnell alleged that he has a secured interest in both the Direct Express Account and the three cashier's checks. Attorney Quinnell also previously filed a certificate of service, in which he stated that that he served Defendant with a copy of his objections. (ECF No. 382). Thus, it was unclear whether Attorney Quinnell was acting on behalf of Defendant or as a creditor. The undersigned questioned the parties regarding a possible conflict of interest. At the conclusion of the hearing, both Attorney Quinnell and Defendant requested that their attorney-client relationship be ended. The Court has granted that request and ordered the appointment of new counsel for Defendant. (ECF No. 388). Attorney Quinnell may be able to pursue his third-party interest in these funds in an ancillary proceeding under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). *See United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012)("The forfeiture statute makes

---

[2] The precise reason for not paying his defense attorney is unclear. Defendant alleges that he was not aware of these accounts until recently. This may be true. However, in a motion to withdraw filed less than two weeks before the scheduled jury trial, his defense attorney stated, "Counsel has exhausted the initial retainer provided to him by Defendant. Upon request for additional sums, made pursuant to the written retainer agreement between Counsel and Defendant, Defendant refused to pay or assign said sums to Counsel despite having the ability to do so from untainted funds currently on deposit in an account in Defendant's name." (ECF No. 238, PageID.955).

it clear that an ancillary proceeding is the sole avenue for a third party to assert an interest in forfeitable property.").

Accordingly, the undersigned recommends that the Court grant the Government's motions for preliminary orders of forfeiture for substitute assets. (ECF Nos. 366 & 379).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. W.D. Mich. LCrimR 57.2(e); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  March 28, 2018

                                                   /s/ Timothy P. Greeley  
                                                  TIMOTHY P. GREELEY  
                                                  UNITED STATES MAGISTRATE JUDGE